UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLOBAL POWER SUPPLY, LLC, | ) | CASE NO. CV 18-3719-R |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING ASI'S MOTION TO |
| v. | ) | DISMISS FOR LACK OF PERSONAL |
| | ) | JURISDICTION |
| ACOUSTICAL SHEETMETAL INC.; DOES | ) | |
| 1-20, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Acoustical Sheetmetal, Inc.'s ("ASI") Motion to Dismiss for Lack of Personal Jurisdiction, filed on May 10, 2018, and Plaintiff Global Power Supply, LLC's ("GPS") Motion to Remand Case, filed on May 25, 2018. (Dkts. 8, 15). Having been thoroughly briefed by both parties, this Court took the matters under submission on June 14, 2018.

ASI, a Virginia-based company, contracted with GPS for a shipment of goods between Virginia and Colorado. The parties signed a purchase order ("PO"), which contained language that "[t]he terms and conditions to this PO are under negotiation and will be added to a revised PO, which will then be signed by both parties." Negotiations regarding the terms and conditions took place through email correspondence primarily between ASI Executive Vice President, Michael Ireland, and GPS General Counsel, Nancy Prinz. The parties exchanged heavily edited drafts of the terms and conditions replete with cross-outs and proposed terms. Among the terms exchanged was a clause entitled, "Governing Law," although the parties did not propose changes

1    to this provision.  The provision reads, in relevant part, "If the parties are unable to resolve such

2    disputes informally, either side may initiate legal action for relief. Venue shall be in the state

3    and/or federal courts of Santa Barbara County, California."  Near the end of the email chain, Prinz

4    wrote, "Let me know if you would like me to send you a clean version of the attached terms for

5    ASI to sign."  Ireland responded, "Thank you – please go ahead and finalize the document."  GPS

6    does not offer any evidence of a finalized, signed copy of the terms and conditions.

7    **Motion to Dismiss**

8    ASI moves to dismiss this case on the ground that this Court lacks personal jurisdiction

9    over ASI.  Fed. R. Civ. P. 12(b)(2).  In a Rule 12(b)(2) motion to dismiss, the plaintiff bears the

10   burden of demonstrating that personal jurisdiction exists.  *Picot v. Weston*, 780 F.3d 1206, 1211

11   (9th Cir. 2015).  A district court may exercise personal jurisdiction over a defendant to the extent

12   authorized by the law of the state in which it sits.  *Daimler AG v. Bauman*, 571 U.S. 117, 125

13   (2014).  California's long-arm statute authorizes personal jurisdiction to the full extent permissible

14   under the Constitution.  *Picot*, 780 F.3d at 1211.  Thus, personal jurisdiction in this case is

15   determined by the Constitution's Due Process Clause.

16   Due process requires that the defendant have certain "minimum contacts" with the forum

17   state such that the exercise of jurisdiction "does not offend traditional notions of fair play and

18   substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts

19   require a showing of either general jurisdiction—where a defendant is essentially "at home" in the

20   forum state—or specific jurisdiction—where a defendant purposefully directs its activities toward

21   the forum state such that it avails itself of the privilege of conducting activities in the forum.

22   *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Picot*, 780 F.3d at

23   1211.  A defendant may waive its challenges to personal jurisdiction through a contractual forum

24   selection clause.  *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406-07 (9th Cir. 1994).

25   ASI argues that this Court lacks personal jurisdiction over it because (1) ASI does not have

26   minimum contacts with California, and (2) the "Governing Law" clause stating that all disputes

27   concerning the contract will be resolved in California is invalid.  GPS does not challenge ASI's

28   minimum contacts argument. *See, e.g.*, *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977

2

1   (9th Cir. 1994) (party forfeits argument by failing to brief it).  GPS argues instead that the

2   "Governing Law" clause is valid and ASI therefore consents to personal jurisdiction in California.

3         "Although federal law governs the interpretation and enforcement of forum selection

4   clauses, state law governs contract formation and the interpretation of an agreement's terms."

5   *Worldwide Subsidy Grp., LLC v. Fed. Int'l de Football Ass'n*, 2014 WL 12631652, at *14 (C.D.

6   Cal. June 9, 2014).  Under California law, a contractual provision is invalid unless there is

7   *unequivocal* acceptance of the terms.  *Coppinger v. Rawlins*, 239 Cal. App. 4th 608, 614 (2015).

8   Indefinite language cannot constitute acceptance.  *Worldwide Subsidy*, 2014 WL 12631652, at

9   *17.  Furthermore, where contracting parties agree that acceptance of terms must be finalized by

10  signature, the absence of a signature means those terms are not part of the contract.  *Banner

11  Entm't, Inc. v. Superior Court*, 62 Cal. App. 4th 348, 358 (1998).

12        Here, ASI did not unequivocally assent to inclusion of the Governing Law clause.  After a

13  series of back-and-forth emails where the parties negotiated the terms and conditions, Prinz asked

14  if Ireland wanted a clean version of the proposed terms, to which Ireland responded, "[P]lease go

15  ahead and finalize the document."  Ireland's statement is too indefinite to constitute acceptance.

16  His request for a clean copy does not mean he agreed to the terms.  Based on the evidence

17  presently before this Court, ASI did not agree to the Governing Law clause.

18        Moreover, GPS fatally does not provide this Court with evidence of a finalized, signed

19  copy of the terms and conditions.  The parties clearly agreed that the finalized terms and

20  conditions would be consummated by signature.  The parties wrote on the PO that the terms and

21  conditions were under negotiation and, when finalized, "will then be signed by both parties."

22  GPS' argument that the terms and conditions did not require signatures because the PO was signed

23  is without merit.  In the PO, the parties wrote that "[t]he terms and conditions to this PO are under

24  negotiation and will be added to a revised PO, *which will then be signed by both parties*."

25  (emphasis added).  The parties clearly intended that the negotiated terms and conditions, attached

26  to a *revised* PO, would require additional signatures.  GPS does not present this Court with

27  evidence of a signed, revised PO with any agreed-upon terms and conditions.  Absent such

28  evidence, GPS does not show that ASI agreed to be bound by the Governing Law clause.

3

1  Accordingly, the clause is unenforceable, and this Court lacks personal jurisdiction over ASI.

2        **IT IS HEREBY ORDERED** that ASI's Motion to Dismiss for Lack of Personal

3  Jurisdiction is GRANTED.  (Dkt. 8).

4        **IT IS FURTHER ORDERED** that GPS' Motion to Remand Case is MOOT.  (Dkt. 15).

5  Dated: July 9, 2018

                         MANUEL L. REAL
               UNITED STATES DISTRICT JUDGE